### COTTER, TRUELOVE & CO. v. O. F. PARKS ET AL.

No. 7078.

1. **Same Cause of Action—Amendment—Limitation.**—Parks sued Cotter, Truelove & Co., bankers, for an amount of money deposited with them and not properly accounted for. The amendment was for the same money upon a demand having its origin in the same transactions, but depending upon different evidence for its establishment. *Held*, that the amendment did not set up a new cause of action. And as the cause of action was not barred when the original petition was filed, the statute of limitations did not apply to any part of the amount sued for. See example.

2. **Practice—Fact not Alleged.**—Suit against bankers for money deposited by the plaintiff and misappropriated by them. They pleaded limitation and general denial. On trial the defendant offered testimony to prove overdrafts by plaintiff and an agreement to pay interest. *Held*, that as there was nothing in the answer asserting the right to recover interest, the testimony was rightly excluded.

3. **Practice.**—In an action against several defendants whose liability to the plaintiff is not identical, it is proper practice for the jury to ascertain the liability of each defendant. This separation of liability should be preserved in the judgment.

4. **Error in Amount of Verdict—Remittitur.**—An inadvertent error in the amount of the verdict which is at once corrected by a remittitur is no ground for reversal.

5. **Costs—Amendment.**—It was not error on recovery by plaintiff in an action for money misappropriated to tax the entire costs against the defendants, although an amendment had been made by the plaintiff whereby different testimony would be required to support the demand sued upon, the amendment alleging the same transaction as the basis of the liability of defendants.

APPEAL from Johnson. Tried below before Hon. J. M. Hall. The opinion states the case.

*Bledsoe & Patten,* for appellants.—1. The court erred in overruling and in not sustaining defendants' first special exception to plaintiff's first amended original petition, because it clearly appears from an inspection of the pleadings in this cause that the alleged indebtedness claimed therein, to-wit, the sum of $223.91, by reason of an alleged balance due on account with these defendants, is an amount under and not within the jurisdiction of this court but is exclusively cognizable by the County Court.

2. The court erred in overruling the second special exception of these defendants to said first amended original petition, because it clearly appears from an inspection of plaintiff's pleadings, to-wit, plaintiff's original and amended original petition, that said alleged balance of $223.91 is a new, separate, and distinct cause of action, not alleged, claimed, or set up in plaintiff's original petition, and is therefore barred by statute of limitations. Woods v. Huffman, 64 Texas, 98; McRee v. Brown, 45 Texas, 503; Wooldrige v. Hathaway, 45 Texas, 380; Thomas v. Browder, 33 Texas, 783.

*Crane & Ramsey,* for appellee Parks.—1. Appellant's exceptions were rightfully overruled. The amended petition declared on the same contract, for the same amount, and in favor of and against the same parties. The only difference is that the amended petition set up facts showing more clearly appellee's right to recover as successor to the partnership of O. F. Parks & Co., and also that while the appellants and Bachman were due him $2692.61, that a part of it the appellants still retained. Thouvenin v. Lea, 26 Texas, 612; Hill v. Clay, 26 Texas, 650; Becton v. Alexander, 27 Texas, 659; Kinney v. Lee, 10 Texas, 155; Pridgen v. McLean, 12 Texas, 420; McIlhenney v. Lee, 43 Texas, 205; Lee v. Boutwell, 44 Texas, 152; Jones v. George, 56 Texas, 149; Railway v. Davidson, 68 Texas, 370.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by O. F. Parks against W. F. Bachman, and Cotter, Truelove & Co.

The original petition, which was filed on the 12th day of September, 1885, stated plaintiff's cause of action substantially as follows: That in July, 1884, plaintiff and defendant Bachman formed a partnership

for the purpose of buying and selling grain in Alvarado, Texas, under the firm name of O. F. Parks & Co.; that their contract was that plaintiff should furnish all the money required for conducting the business and Bachman was to manage it; that the defendants Cotter, Truelove & Co. were bankers at Alvarado, and it was agreed that the money furnished by plaintiff should be deposited with them and drawn out by Bachman by checks in the firm name of O. F. Parks & Co.; that in order to protect plaintiff from loss, by the bad faith of his partner, it was agreed between them, and was known and consented to by Cotter, Truelove & Co., that no such checks should be drawn except in payment for grain purchased, and that all of them should be marked with the word "grain;" that defendants Cotter, Truelove & Co. promised plaintiff that they would not pay any checks drawn by Bachman in the name of his firm unless they were so marked; that said partnership continued until the —— day of March, 1885, during which time plaintiff deposited with defendants Cotter, Truelove & Co. the sum of $43,-523.62 in pursuance of the terms of said contract; that in violation of said agreements defendants Cotter, Truelove & Co. paid drafts drawn by Bachman, in the name of his firm, amounting to $5165.80, which were not for the purpose of paying for grain, nor so marked, and were not used in the partnership business of said O. F. Parks & Co., which was done without the knowledge or consent of plaintiff, as was well known to said Cotter, Truelove & Co.; that subsequently Bachman paid plaintiff $2000 of said sum, leaving unpaid the remainder thereof, to-wit, $2692.61, for which sum he prayed judgment against all of the defendants. Attached to said petition there were exhibits to show the various items of said transactions, as plaintiff claimed that they occurred.

On the 27th day of April, 1888, plaintiff filed an amended original petition, containing the same general statement of his cause of action and referring to the same exhibits, charging that the sums of money that he deposited with the defendants Cotter, Truelove & Co. amounted to "about" $43,000, of which there was misappropriated by Bachman "not less" than $5165.80, and that plaintiff had received "about $5400 less than he had deposited with defendants;" that of the amount so deposited with Cotter, Truelove & Co. they had failed and refused to pay to plaintiff or to O. F. Parks & Co. the sum of $223.91, which sum he alleged was still due; that the partnership of O. F. Parks & Co. had been dissolved and plaintiff had become and was the sole owner of all of its assets. Plaintiff specially prayed judgment for said sum of $223.91, with interest.

The answer of Cotter, Truelove & Co. contained exceptions, general and special, presenting the following issues:

1.   An objection that the demand for $223.91 was not within the jurisdiction of the District Court.

· 2. That the cause of action for the last named amount was barred by the statute of limitations of two years.

They further pleaded as follows: (1) A general denial, and (2) the statute of limitations of two years as to the demand for $223.91.

The exceptions were overruled, and the jury returned two separate verdicts, one against Cotter, Truelove & Co. for $233.91, with interest, and the other against Bachman for $2458.70, with interest.

The court entered up a judgment according to the verdicts, but directing that any payment or collection made of either defendant should inure to the benefit of the other.

The plaintiff filed a remittitur of $10 and the interest thereon of his judgment against Cotter, Truelove & Co.

Appellant's first assignment of error is that the court erred in overruling his objection to the jurisdiction as to plaintiff's demand for $223.91, and his second one is that his exception of the two years statute of limitations to the same demand should have been sustained.

The substance of plaintiff's cause of action as it was described in his original petition was that he had deposited with Cotter, Truelove & Co. a certain amount of money, a part of which had been lost to him by its being misappropriated by the joint wrong of all of the defendants, so as to make each and all of them responsible to him therefor:

The change made by the amended petition was that instead of the whole amount unaccounted for having been misappropriated by all of the defendants, $223.91 of said sum had never been paid out or accounted for in any way by the defendants Cotter, Truelove & Co., and that they were liable to him separately for that much of the original cause of action. The suit originally was for an amount of money deposited by plaintiff with Cotter, Truelove & Co. and not properly accounted for. The suit as amended was for the same money upon a demand having its origin in the same transactions but depending upon different evidence for its establishment.

The amendment did not set up a new cause of action, and as the cause of action was not barred when the original petition was filed the court ruled correctly on that issue.

When the amendment set up against Cotter, Truelove & Co. the separate demand for $223.91 out of the original demand, it also continued to assert against them the balance of the original demand upon the facts first asserted, and the combined demand being within the jurisdiction of the court there was no error in so holding.

As no objection of misjoinder of parties and causes of action was made against plaintiff's amended pleading by the amended pleading of Cotter, Truelove & Co., that question was not before the District Court, nor before us now. What we have said may dispose of appellant's third assignment, which relates to the refusal of the court to charge upon the statute of limitations.

The defendants Cotter, Truelove & Co. offered to prove a contract with the plaintiff to pay them interest on their account with him, which the court refused to permit because there was no pleading to authorize the evidence. Upon a careful inspection of the pleadings we have been unable to find any allegation that the plaintiffs were indebted to said defendants for interest or any pleading under which the excluded evidence could have been properly admitted.

By the sixth and seventh assignments appellants claim that the verdict was contrary to the pleadings and the evidence, because the pleadings charge that their liability originated in deposits of money made with them by the plaintiff, while the evidence shows that he never deposited any money with them, and also that they paid the money out for and at his request and that he is still indebted to them.

Plaintiff's pleadings were, in general terms, as stated, but the exhibits attached to and made parts of them explained the transactions in detail and there was evidence introduced to sustain them. By one of defendants' witnesses it was proved that for "the first month or two O. F. Parks & Co. had money on deposit to meet their drafts," and that "Cotter, Truelove & Co. were authorized to draw on O. F. Parks at Waxahachie for overdrafts of O. F. Parks & Co., and they did draw on him at various times for such overdrafts and they were promptly paid." The evidence was introduced without objection, and was sufficient to overcome the objection now urged.

The eighth assignment is that the judgment is not supported by the verdict because separate verdicts were returned which do not support a joint judgment. The answer to the objection is that the defendants' liabilities are separated and distinguished in the judgment just as they are in the verdicts. It is further complained that it is evident that the jury intended to find against Cotter, Truelove & Co. only the sum of $223.91. It is evident that the finding should not have been for more than that sum as principal, and it is quite clear that the finding for $10 more was the result of an inadvertence which was overlooked at the time but was afterward promptly remedied by the entry of a remittitur.

We think there was no error committed in adjudging against defendants the entire costs of this suit.

The judgment is affirmed.

*Affirmed.*

Delivered April 21, 1891.