Burton-Lingo Company v. M. T. Beyer.

Decided January 16, 1904.

**Pleading—Amendment—New Cause of Action.**
Where the original petition in an action on an account for goods sold alleged that for the articles mentioned therein as sold "defendant undertook and agreed to pay plaintiff the sums of money as shown by said account," an amended petition alleging in lieu thereof that the articles were sold and delivered under a contract between plaintiff and defendant that the same should be paid for on the first day of January, 1901, did not set up a new cause of action so as to let in a plea of limitations by reason thereof. The amendment did not set up a new promise subsequently made, but merely corrected the allegation of the original promise.

Appeal from the County Court of Mitchell. Tried below before Hon. W. B. Crockett.

*W. K. Homan,* for appellant.

*Ed J. Hamner,* for appellee.

STEPHENS, Associate Justice.—Appellant sued appellee to recover a balance due on account of lumber sold from March 30, 1900, to July 28, 1900. In the original petition filed September 9, 1902, to which was attached as an exhibit the itemized account declared on, the following allegations were made: "On the 30th day of March, 1900, and on divers dates thereafter, as set out in the itemized account hereto attached, marked exhibit A, and made part of this petition, plaintiff, at the special instance and request of defendant, sold and delivered to defendant the articles of lumber, goods, wares and merchandise described in said itemized account at the prices as stated therein, which are the reasonable values of said articles, for which defendant agreed and undertook to pay plaintiff the sums of money as shown by said account; but though long since due and payable, defendant has failed and refused and still fails and refuse to pay the same or any part thereof, except the sum of $217.71, which is credited on said account, leaving a balance of $265.86 due plaintiff on said account." In the amended petition, filed January 24, 1903, to which the same account was attached as an exhibit, in lieu of the allegation in the original petition, "for which defendant undertook and agreed to pay plaintiff the sums of money as shown by said account," the following allegations were made: "The said articles of lumber, goods, wares and merchandise as shown in said account were sold and delivered by plaintiff to defendant under contract between plaintiff and defendant that the same should be paid for on the 1st day of January, 1901, and the sum of said account should be due and payable on said last day, and defendant undertook and promised to pay plaintiff the amount of said indebtedness on said 1st day of January, 1901." The court, holding that the amended petition stated a new

cause of action, sustained a special demurrer pleading the statute of limitations and dismissed the suit, and to this error is assigned.

The cases cited by appellee to sustain the ruling complained of were cases in which a new promise was declared on in the amended petition, and are therefore inapplicable to a case like this, in which the amended petition pleads the original promise made when the lumber was sold, and not a new promise subsequently made. Both the original petition and the amended petition evidently declared on the same transaction, and differed only as to the terms and effect of the contract. If the original petition did not accurately or fully state the contract, it was the office of an amendment to make the correction. It has several times been held that the filing of an original petition which is even bad on general demurrer will stop the running of limitation. The cases sustaining appellant's contention are numerous, many of which are cited in its brief, and need not be quoted.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*