## A. B. MAYES ET AL V. G. M. MAGILL.

### Decided January 16, 1908.

**1.—Pleading—Amendment—Limitation.**

In a suit by land agents for commissions on the sale of land, an original and amended petition considered, and held to state substantially the same cause of action, and hence an exception setting up the statute of limitation to the amended petition should not have been sustained. If an amended petition in any way retains even a part of the cause of action asserted by the original petition it is sufficient to prevent the running of the statute of limitation after filing the original petition.

**2.—Same—Parties.**

In an original petition the plaintiffs were stated as "the firm of C. & L., composed of C., L., and M.;" in an amended petition the plaintiffs were named as "M., C. and L., the last two composing the firm of C. & L." Held, that the amended petition did not change the cause of action asserted in the original petition.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Gaines & Corbett,* for appellants.—The court erred in sustaining defendant's special exception to the plaintiffs' first amended original petition, and in holding that the cause of action set up in said amended petition was an entirely new and different cause of action, and was barred by the two years statute of limitation. Scoby v. Sweatt, 28 Texas, 729; Killebrew v. Stockdale, 51 Texas, 531; Jones v. George, 56 Texas, 152; International & G. N. Ry. v. Irvine, 64 Texas, 533; Lee v. Boutwell, 44 Texas, 153.

*Defendant,* to avail himself of the defense of the statute of limitation, must specially except to the specific pleadings, from the face of which it is apparent that the cause of action set up is subject

to the exception of the statute of limitation.    Towne on Texas
Pleading, page 367; art. 3371, Rev. Stats., Texas; Hudson v.
Wheeler, 34 Texas, 363; Alston v. Richardson, 51 Texas, 6; Rucker
v. Dailey, 66 Texas, 287.

*Linn & Austin,* for appellee.—The court correctly sustained the
defendant's special exception raising the point that a new cause of
action was set up in plaintiffs' amended petition, which appeared
barred by the statute of limitation of two years.    Phoenix Lumber
Co. v. Houston Water Company, 94 Texas, 456-462; East Line &
R. R. Ry. v. Scott, 75 Texas, 85-86; Cotton v. Rand, 93 Texas, 24-
25; Boyd v. Beville, 91 Texas, 442; International & G. N. Ry. v.
Pape, 73 Texas, 502; Bigham v. Talbot, 63 Texas, 272; McLane v.
Belvin, 47 Texas, 502; Williams v. Randon, 10 Texas, 79 and 80.

McMEANS, ASSOCIATE JUSTICE.—The original petition was filed
in the court below on May 24, 1902.    The names of the plaintiffs
were stated as "the firm of Cash & Luckel, composed of R. M. Cash,
L. C. Luckel and A. B. Mayes."    On October 17, 1905, an amended
petition was filed in which the plaintiffs are named as A. B. Mayes,
R. M. Cash and L. C. Luckel, the last two of whom were alleged
to compose the firm of Cash & Luckel.    The amended petition was
excepted to on the ground that it set up an entirely new and different
cause of action to that asserted in the original petition as to par-
ties, terms and subject matter, and that the same was barred by
the two years statute of limitations.    The exception was sustained,
and plaintiffs declining to amend, the case was dismissed, and from
a judgment of dismissal plaintiffs have prosecuted this appeal.
     Plaintiffs' first assignment of error is based on the action of the
court in sustaining the special exception, and we think the assign-
ment is well taken.    It would not serve any useful purpose to set
out the petitions in full, but it is sufficient to say that by the original
petition Cash, Luckel and Mayes, described as composing the firm
of Cash & Luckel, sued the defendant Magill for two thousand
dollars, alleging that they, the plaintiffs, acting through Mayes, con-
tracted with the defendant to find a purchaser for certain property
owned by the Southern Canal Company in Matagorda County, at
the price of ten thousand dollars, five thousand dollars of which was
to be commission of the plaintiffs for procuring the purchaser; that
it was further agreed and understood that "there should be no sev-
erance of sale of any of the foregoing lands or appurtenances,"
and that said commissions should be due plaintiffs on the procure-
ment of a purchaser; that plaintiffs procured Heard & Ford as
purchasers at the agreed price, but that during further negotiations
plaintiffs agreed to accept three thousand dollars in full for their
commissions; "that through various changes made in the final con-
summation of said sale it came about that the land was sold in a
somewhat severed state and to different parties, but with the distinct
agreement with defendant that they were to have one thousand
dollars as commissions for the part of the property known as the
canal site and to have a certain unqualified interest of two thou-

sand dollars in the remaining property which was brought into the deal," but not included in that originally undertaken to be sold. It was further alleged that plaintiffs had earned their commissions of three thousand dollars; that defendant had paid to plaintiffs one thousand dollars as commissions on the sale of the canal site, but refused to pay the balance of two thousand dollars as commission on the sale of the other land included in the deal. These allegations were substantially carried into the amended petition, but with greater amplification. It was therein alleged that pending the consummation of the sale the defendant offered to Heard & Ford, in connection with the canal property, twenty-one hundred acres of land. owned by him in Matagorda County, proposing to the purchasers that if they would take that tract in connection with the canal property, to sell to them the latter for six thousand dollars instead of ten thousand dollars, the price originally fixed upon it, and agreed with plaintiffs in consideration of their permitting the deal to go through on that basis, to pay them three thousand dollars as commissions instead of five thousand, as originally agreed, one· thousand of which should be for their commissions for making the sale of the canal property and two thousand for the twenty-one hundred acres brought by defendant into the deal. The amended petition further alleged the final consummation of the sale for both properties, the payment to them of the one thousand dollars as ·commissions for sale of · the canal property and the refusal of defendant to pay the balance.

"If the cause of action set out in the amended petition was a new or different cause of action from that asserted in the original petition, it was barred at the time of the filing of the former, but if the amended petition in any way retained, even as a part of the cause of action as asserted by the original petition, and afterward reasserted by the amended petition, it is sufficient to prevent the running of the statute· after the original petition was filed." Texas & N. O. Ry. v. Clippenger, 47 Texas Civ. App., 510; Mexican Cent. Ry. v. Mitten, 13 Texas Civ. App., 658.

In both the original and amended petitions it is apparent that plaintiffs' suit was for two thousand dollars alleged to. be due to them by defendant as balance for commissions in making sale of lands and that in both the same cause of action was stated. Nor does the fact that in the amended petition the plaintiffs sue in their individual capacity, change the cause of action asserted by them in their original petition in which they sue as a firm.

For the error in sustaining the exception the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*