GREEN v. LOFTUS.

(Court of Civil Appeals of Texas. Nov. 23, 1910. Rehearing Denied Dec. 21, 1910.)

LIMITATION OF ACTIONS (§ 127*)—AMENDMENT —NEW CAUSE OF ACTION.

The first amended petition in an action for an architect's services alleged that defendant employed plaintiff to prepare plans and assist him in procuring bids for a building on certain property, and to superintend its construction "in the event a contract for its construction was made," and that for said services defendant agreed to pay plaintiff 5 per cent. of the amount of the lowest bid received, and, if such bid was not as low as defendant thought desirable and any of plaintiff's time was consumed in showing the bidder how he could reduce the bid, defendant should pay plaintiff an additional sum. The second amended petition was the same as the first, except that it omitted the quoted phrase. *Held,* that the second amended petition did not allege a new cause of action so as to be barred by limitation; the omission of the quoted words, if effective at all, merely enlarging plaintiff's claim under the same contract, which was permissible.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by L. S. Green against T. F. Loftus. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, for appellant. Fisher, Sears & Campbell, for appellee.

FLY, J. This is a suit instituted by plaintiff in error, designated as plaintiff herein, against defendant in error, who will be called defendant, to recover $332.50 alleged to be due for services as an architect. In the first amended petition it is alleged: "That heretofore, to wit, on or about the 8th day of September, 1905, plaintiff was engaged in the business of an architect in Houston, Harris county, Tex., and the defendant was the owner of a piece of property on the corner of Prairie and Sixth street in the city of Houston, that on or about said date the defendant employed plaintiff to prepare for him the plans and specifications, and to assist him in procuring bids for the erection of a two-story brick building on said property, and employed him also to superintend the construction of said building, in the event a contract for its construction was made, and for the services mentioned the defendant promised and agreed to pay plaintiff 5 per cent. on the amount of the lowest bid received, and agreed, further, with the plaintiff that in the event the lowest bid received was not as low as the defendant thought it should be, and, if any of the plaintiff's time was taken up with the person making said bid in showing said person in what way, his bid could be reduced that the defendant would pay the plaintiff an additional amount of $50." On September 28, 1908, more than two years after the contract was alleged to have been made, plaintiff filed a second amended original petition in which it was alleged: "That heretofore, to wit, on or about September 8, 1905, plaintiff was engaged in the business of an architect in Houston, Tex., and defendant was the owner of a piece of property on the corner of Prairie avenue and Smith street, in said city; that the defendant represented to the plaintiff that he had agreed to erect a building of a certain kind on this property, and has already received a part of the rent which was to be paid him for the building when it was erected, and upon or about said last-named date by verbal contract employed the plaintiff to prepare for him the plans and specifications for said building which was to be a two-story brick building, and to assist him in procuring bids for the erection of said building and superintend the construction of said building, and, for the services mentioned, the defendant promised and agreed to pay plaintiff five per cent. on the amount of the lowest bid received, and agreed, further, with the plaintiff that in the event the lowest bid received was not as low as the defendant thought it should be, and if any of the plaintiff's time was taken up with the person making said bid in showing said person in what way his bid could be reduced, that the defendant would pay the plaintiff an additional amount of $50."

Defendant excepted to the second amended petition on the ground that it set up a new cause of action, and was barred by the statute of limitations of two years. The court sustained the exception and dismissed the suit.

It will be noted that there is no difference in the allegations, except that in the last amendment the words "in the event a contract for its construction was made" are omitted. The omission of the words did not alter the plain intent and reasonable import of the language of the pleadings. The services to be paid in connection with the construction of the building consisted in superintending such construction, which in reason and common sense depended upon the erection of the building. The cause of action was the same in all respects with that set up in the first amendment.

The main facts are the same in the last amendment as in the first (Lee v. Wilkins, 1 Posey, Unrep. Cas. 287), and it is evident that the same cause of action is declared on in both pleadings (Hill v. Clay, 26 Tex. 650). The cause of action was the same in both pleadings, the gist of both being that defendant had agreed to pay for certain services, and the omission of the words mentioned, if it had any effect, operated to enlarge the claim under the same contract, which was permissible. Railway v. Pape, 73 Tex. 501, 11 S. W. 526; Landa v. Obert, 78 Tex. 33, 14 S. W. 297; Hughes v. Smith, 83 Tex. 499, 18 S. W. 955. It can be said of this case as was said of the case of Cotter v. Parks, 80 Tex. 542, 16 S. W. 308: "The suit as amended was for the same money upon a demand having its origin in the same transactions, but depending upon different evidence for its establishment."

The judgment is reversed and the cause remanded.