## WESTERN UNION TELEGRAPH CO. v. SMITH.

(Court of Civil Appeals of Texas. Jan. 25, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 65*) — PLEADING—CONTRACT.

A petition in an action for damages caused by a failure to promptly deliver a telegram announcing the sickness of plaintiff's brother, alleging that the telegram was delivered to the defendant's agent for transmission addressed to plaintiff, without any allegation as to payment for its transmission and delivery, or that the defendant bound itself to deliver the message, or that there was any contract between said parties as to the delivery of the message, is demurrable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 65.*]

2. TELEGRAPHS AND TELEPHONES (§ 65*)— PLEADING—PETITION.

A petition for damages for mental anguish caused by failing to promptly deliver a telegram, so that plaintiff was prevented from reaching his brother's side before he died, without stating that, if the telegram had been delivered, he would have done so, is demurrable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 65.*]

3. NEGLIGENCE (§ 4*)—"DUE CARE"—"DUE DILIGENCE"—"ORDINARY CARE."

"Due care," "due diligence," and "ordinary care," are convertible terms, and mean the same thing—[citing 3 Words and Phrases, 2222, and 6 Words and Phrases, 5035].

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 6; Dec. Dig. § 4.*]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Action by N. H. Smith against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Arch G. Grinnan, N. L. Lindsley, and Geo. H. Fearons, for appellant. Woodward & Baker, for appellee.

RICE, J. This suit was brought by appellee against appellant to recover damages alleged to have been sustained by him by reason of its failure to promptly transmit and deliver to him a message announcing the serious illness of his brother, by reason of which he was prevented from visiting him during his last illness. There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is taken. Defendant interposed a general demurrer, several special exceptions, pleaded the general issue, and specially answered, undertaking, for a number of reasons, to excuse its failure, etc., to deliver said telegram; and now insists by its first assignment that the case should be reversed because the court erred in overruling its general demurrer to plaintiff's petition, on the ground, as set forth in its proposition, that said petition failed to allege that defendant ever contracted or agreed to transmit or deliver the message sued on, and that the same fails to allege such facts as show a promise, duty, or obligation on the part of the defendant to transmit or deliver said message.

In order to properly present the question raised, we will, omitting formal parts, set out plaintiff's petition to which said demurrer is addressed. Said petition alleges: "That heretofore, to wit, on and about the 24th day of October, 1908, and a long time prior thereto and since said date, the defendant was engaged in the business of receiving and sending telegrams over its wires and lines for pay in this state and in said county of Coleman, Tex., and on said date aforesaid Mrs. Albert Smith in person or at her instance had turned over to the defendant's agent at Kingsland, Tex., a telegram, in words and substance as follows: 'Kingsland, Texas, 10–24–1908 to N. H. Smith, Santa Anna, Texas. Albert not expected to live. Come at once. Mrs. Albert Smith J 4:42 p. m.' That said above-mentioned telegram was by Mrs. Albert Smith, or at her instance, duly delivered to the defendant's agent at Kingsland, Tex., and addressed to this plaintiff at Santa Anna, Tex., for the purpose of informing him that his brother Albert Smith was then in a dangerous condition, and was not expected to live, and was to give his brother, the plaintiff herein, an opportunity to go to the bedside of his brother while alive and during his last sickness, and the Mrs. Albert Smith mentioned in said telegram was the wife of said Albert Smith and the sister-in-law of said plaintiff, and said telegram on its face showed the importance of prompt delivery thereof, and of the serious sickness of the said Albert Smith, and the agent at Kingsland, Tex., was so informed of said facts, and at said time knew the condition of the said Albert Smith. That said defendant, its agents, employés, and representatives, instead of promptly and correctly transmitting the said message aforesaid from Kingsland, Tex., to Santa Anna. Tex., and instead of correctly receiving said message at Santa Anna, Tex., and promptly

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

delivering the same; said defendant, by and through its agents in handling said message, did negligently fail and refuse to promptly and correctly receive, transmit, and deliver said message as before stated within a reasonable time, but, instead thereof, did negligently and carelessly attempt to deliver at Santa Anna, Tex., in lieu of the message and telegram as above set out, the following message in words and substance as follows: 'CK 8 Paid Kingsland, Texas. Albert not expected to live come at once. Mrs. Aldrebuth %5 5:05 p. m.' And, after the said attempted delivery of the second purported telegram as above set out, the said defendant's agent at Santa Anna, Tex., wired back to the defendant's agent at Kingsland, Tex., a message in words and substance as follows: 'No. 1. Sent by Hu received by Sy Check Suc, Rec'd at 110 p. m. to Kingsland, Texas. Your message of the 24th Smith, signed Albert Smith, undelivered. Party unknown have mailed. Santa Anna, Texas, 10–25–08.' And in reply to the last message sent from Santa Anna, Tex., to Kingsland, Tex., aforesaid, defendant's agent at Kingsland, Tex., wired the message to the defendant's agent at Santa Anna, Tex., in words and substance, as follows: 'No. 1 Ki Time filed Sy Check Suc, Kingsland, Texas, to Santa Anna, Texas, Sys N. H. Smith is a carpenter and have lived in Santa Anna for the past sixteen years. Try again Kingsland, Texas, 10–25–08 B 5:58 p. m.' And that plaintiff alleges that until the last message aforesaid was sent that there was no attempt to find him and to deliver to him the message that was first mentioned and set out herein, and that at the time and dates hereinabove stated and the delivery of the first message aforesaid at Kingsland, Tex., said plaintiff resided at Santa Anna, Tex., and had there so resided for many years, and was well known and acquainted in and around Santa Anna, Tex. That at the time and date of the delivery of the first message aforesaid at Kingsland, Tex., the plaintiff's brother was seriously sick and expected to die at Kingsland, Tex., and after the date of said delivery aforesaid did die, and by reason of the said negligent acts of said defendant, its agents, employés, and representatives, in failing and refusing to promptly deliver the first telegram as set out in this petition, and as delivered to said agent at Kingsland, Tex., this plaintiff did not reach his brother until after his death, and until after he had been dead several hours. That the said defendant by and through its agents in negligently making the mistake in transmitting and receiving the first telegram hereinabove stated, and by reason of not delivering the same to plaintiff promptly and correctly, and by negligently attempting to transmit and deliver the second telegram herein mentioned in lieu of the first telegram, and negligently getting the initials 'N. P. Smith' instead of 'N. H. Smith,' and in negligently getting the signer's name 'Mrs. Aldrebuth' instead of 'Mrs. Albert Smith,' and by reason of such negligence aforesaid, this plaintiff knew nothing of the serious condition of his brother, and knew nothing of the first telegram as above set out until on the evening of the 25th of October, 1908, and after the last train going in the direction of Kingsland, Tex., had passed the town of Santa Anna, Tex., and that there was no other train going in said direction and no other mode of conveyance that plaintiff could go within a shorter time as by going on train, and the next train, after receiving the second telegram hereinbefore mentioned, was on the evening of the 26th day of October, 1908, and that he took said train on said evening of the 26th day of October, 1908, for the bedside of his said brother, but, when he arrived, his said brother had been dead for several hours, as hereinbefore stated. That had it not been for the negligent acts aforesaid by the defendant, its agents, and representatives, and had said defendant promptly and correctly delivered the first message turned over to it at Kingsland, Tex., this plaintiff would have received same within time to have reached the bedside of his sick brother, and to have seen him alive and been with him and consoled him in the last hours of his sickness, and, by reason of all the negligent acts of said defendant company, its agents, and representatives aforesaid, and by reason of said plaintiff thereby being deprived of being with his brother in his last hours of sickness, this said plaintiff has suffered great mental anguish and did suffer great mental anguish and mental pain to his damage in the sum of $1,975," for which he sues.

We think the general demurrer should have been sustained. It will be noted that, while the petition alleges that Mrs. Albert Smith duly delivered to the defendant's agent at Kingsland the above-mentioned telegram for transmission addressed to plaintiff at Santa Anna, Tex., yet there is no allegation that the said Mrs. Smith, or any one for her, paid defendant for its transmission and delivery, nor is it alleged that defendant bound and obligated itself to deliver said message to plaintiff, nor is there any allegation showing that there was any contract between said parties relating to the delivery of same. Without such allegations no legal obligation was imposed upon defendant to transmit and promptly deliver the same. In the case of Western Union Telegraph Co. v. Henry, 87 Tex. 165, 27 S. W. 63, Chief Justice Gaines, delivering the opinion of the court, in a case where the allegations of the petition were very similar to those under consideration, said: "Besides, the cause of action which is attempted to be set out in the petition is for the breach of a contract, or at least for the failure to perform a duty growing out of a contract. Does the petition

anywhere allege a contract between either of the senders and the defendant, by which the latter undertook to transmit the messages or either of them? As to the first message only is it alleged that it was delivered to the defendant, and it is not even there alleged that it was delivered and accepted for transmission. As to the other messages, it is simply averred that they were sent and were delivered, but how they were sent and by whom delivered is not alleged. Now, the rules of this court require that we should extend to the averments in a petition every reasonable intendment as against a general demurrer; and, if the petition be good upon a general demurrer, it is good upon error. But it was certainly not intended by the rule to dispense with a statement in logical and legal form of the substantive issuable facts which constitute the cause of action, 'as required by the statute. This court is empowered to adopt rules governing the practice in the district and superior courts, but is without power to change the statute. We may say in this case, as was said in Moody v. Benge, 28 Tex. 545, in speaking of a petition upon a promissory note: 'It is true we may infer from the statements of the petition that he gave it to Benge and Jewell, and that they are the owners of it, but in doing so we would be dispensing with the well-established rule of pleading which requires that the facts 'constituting the rights of a party to recover and fixing the liability of his adversary shall be averred directly and distinctly in his pleading, and not left to be supplied by inference.' "

In Lewis v. S. W. Tel. & Tel. Co., 59 S. W. 303, it was held, as stated in the syllabus, that "a petition in an action against a telephone company for failure to notify plaintiffs that a certain party wished to talk with them, which contains no allegation that defendant undertook or agreed to serve plaintiffs in any capacity, or that plaintiffs paid, offered to pay, or were ready and willing to pay, defendant for the desired services," fails to state a cause of action. Believing that the petition is insufficient, for the reasons above announced, the assignment will be sustained.

It is further urged that the petition is insufficient in failing to allege that, if said telegram had been promptly delivered, plaintiff could and would have reached his brother prior to his death, citing in support of this contention Telephone Co. v. Brown, 104 Tenn, 56, 55 S. W. 155, and W. U. Tel. Co. v. Bell, 42 Tex. Civ. App. 462, 92 S. W. 1036. In cases like the present it is necessary, not only to prove that the plaintiff could, but also that he would, have immediately responded to the telegram, if the same had been promptly delivered, in time to have been present before the death or burial, as the case might be, in order to recover. If it

is necessary to make this proof, we think it is likewise necessary to make the allegation, for without it the proof, if offered, would not sustain the judgment.

Appellant by its second assignment complains of that part of the charge of the court wherein it told the jury ·that the defendant owed the duty of exercising due care in the transmission of the message, and due diligence in the delivery thereof, asserting that defendant was only required to use ordinary care in the transmission and delivery of said message, and that the charge as given imposed a higher and different degree of diligence than that required by law. While we think it would have been better to have used the expression "ordinary care," defining the same in the language of our decisions, still it has frequently been held by the courts that the words "due care" and "due diligence" and "ordinary care" are convertible terms and mean the same thing. See 29 Cyc. 427, § 2, and 3 Words and Phrases, p. 2222, and 6 Words and Phrases, p. 5035.

The remaining assignments have been duly considered, but are regarded as not well taken and are overruled; but for the reasons stated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.