**WESTERN UNION TELEGRAPH CO. v. SMITH.†**

(Court of Civil Appeals of Texas. Austin. March 6, 1912. Rehearing Denied April 10, 1912.)

LIMITATION OF ACTIONS (§ 127*)—AMENDMENT —NEW CAUSE OF ACTION.

Though the original petition, in an action against a telegraph company for failure to deliver a message, was fatally defective for not alleging a contract to deliver, it stayed the running of limitations, so that an amended petition supplying the defect, filed more than two years after the cause of action had accrued, was not barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from District Court, Coleman County; J. P. Ledbetter, Special Judge.

Action by N. H. Smith against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Arch Grinnan, of Brownwood, for appellant. Woodward & Baker, of Coleman, for appellee.

KEY, C. J. Upon the former appeal in this case, the judgment was reversed because of error in not sustaining a general demurrer to the plaintiff's petition. W. U. Tel. Co. v. Smith, 133 S. W. 1003. The case was tried again, and judgment rendered for the plaintiff, and the defendant has appealed.

When the case went back, the plaintiff filed an amended petition, which contained no averments that were inconsistent with the averments contained in the first petition, but which supplied the defects pointed out in our former opinion. We held on the former appeal that the petition then under consideration did not allege that the defendant had entered into a contract, or had otherwise obligated itself to transmit and deliver the telegram referred to. The amended petition cured those defects; but the defendant took the position in the court below that the amended petition was in fact the commencement of a suit, and, as more than two years had elapsed, the cause of action was barred by limitation. The trial court over-

ruled that contention, and that ruling is assigned as error. It is also contended that the amended petition set up a new cause of action, and, as more than two years had elapsed, it was barred by limitation. We overrule both of these contentions, and hold that, although the plaintiff's original petition was so defective as that it did not sufficiently state a cause of action, the amended petition, which supplied the omissions and stated a cause of action, was not barred by limitation. Both petitions sought a recovery on account of defendant's negligence and delay in the transmission and delivery of a certain message. The first failed to allege facts showing that any legal duty rested upon the defendant concerning the message; and the second supplied that omission. The first, although essentially defective, arrested the statute of limitations. Killebrew v. Stockdale, 51 Tex. 529; Tarkington v. Broussard, 51 Tex. 550; Gilliland v. Ellison, 137 S. W. 168; Kauffman v. Wooters, 79 Tex. 214, 13 S. W. 549; Becker v. Street Railway Co., 80 Tex. 486, 15 S. W. 1094.

All the assignments presented in appellant's brief have received proper consideration, and our conclusion is that the judgment should be affirmed; and it is so ordered.

Affirmed.