McWHORTER v. ESTES.   (No. 428.)

(Court of Civil Appeals of Texas. El Paso. April 8, 1915.   Rehearing Denied April 29, 1915.)

1. CONTINUANCE ⬅➡14—RIGHT TO CONTINUANCE.

The original petition indicated that plaintiff purchased the note in suit after maturity. Defendant's answer set up failure of consideration and purchase after maturity. The testimony at the first trial was not sufficient to notify defendant that purchase before maturity would be relied upon. By trial amendment, made the day before the second hearing, plaintiff set up purchase before maturity. The property transferred by plaintiff in consideration of the note was located at a point far distant. Only three days of the term remained. Held that, where defendant's motion for a continuance alleged that he believed and had good cause to believe the transfer was made after maturity, and it appeared that his plea of failure of consideration might be sustained, it was improper to deny him a continuance, his original answer sufficiently denying the trial amendment.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 25, 99–112; Dec. Dig. ⬅➡14.]

2. PLEADING ⬅➡205 — GENERAL DEMURRER — SPECIAL EXCEPTIONS.

A petition in an action on a note, which averred purchase before maturity, is not subject to general demurrer because not averring the date of maturity, although it is subject to special exception; but, where not excepted to, there is no variance between the petition and a note showing that it would mature in one year.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. ⬅➡205.]

3. LIMITATION OF ACTIONS ⬅➡127—RUNNING OF LIMITATIONS—AMENDMENTS—NEW CAUSE OF ACTION.

Where the original, as well as the amended, petition described the same note, though the last alleged purchase before maturity, no new cause of action was stated, and limitations were tolled by the original suit.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. ⬅➡127.]

Appeal from Martin County Court; A. C. Eidson, Judge.

Action by A. D. Estes against S. D. McWhorter. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

S. W. Pratt, of Stanton, and Earl Anderson and Chas. Gibbs, both of Midland, for appellant. W. T. Daniel, of Merkel, and R. N. Grisham, of Sweetwater, for appellee.

HARPER, C. J. This suit was instituted by appellee against S. D. McWhorter, appellant, to recover amount of a promissory note.

The first assignment is to the action of the court in overruling motion for continuance. Application was based upon the ground of surprise, in that the original petition showed upon its face that appellee had purchased the note after maturity; that the trial amendment wherein it was alleged that the note was purchased before maturity was filed the day before the trial; that on account of the short time he had to meet the new

---

*allegations of fact* he was unable to produce evidence at that term of court.

[1] The motion contained the further allegation that he had reason to believe and does believe that he can produce evidence at the next ·term of court to meet and rebut the allegations of the transfer of the note before maturity. This is not a statutory, but an equitable, application. The record discloses that the cause was tried upon the 23d day of September, and the term ended on the 26th, same month; that the property transferred by appellee as a consideration for the note was located at Roby, Tex., many miles distant from the town of Stanton, where the court was being held, thus rendering it difficult to ascertain whether the transfer was in fact made as testified to by the appellee, or not, within the three days left for the term of court. The appellant had, in June prior to the trial, pleaded that the note was purchased after maturity, and that the consideration had failed; that is, that the original payee, as a consideration for the note, had agreed to obtain from the state of Texas a valid and binding award to certain school lands, which had not been done. True, the evidence discloses that appellant has a ruling from the Court of Civil Appeals that his award is valid. But a writ of error has been granted by the Supreme Court; therefore it cannot yet be determined whether the defense pleaded obtains. We think the application should have been granted. Railroad v. Henning, 52 Tex. 474; Cowan v. Williams, 49 Tex. 396.

Appellee urges that the appellant had notice of the claim that the note was purchased by him before maturity by reason of the testimony in the former trial, and, further, that appellant had not filed an answer to the amended petition, denying the allegation that the note was purchased before maturity at the time he filed his motion for continuance. The testimony given at the former trial was not sufficient to require him to prepare for an issue not made by the pleading. And the answer filed in June to the original petition sufficiently asserts that the note was purchased after maturity to support his motion for continuance.

[2] The second assignment is that the trial petition is insufficient upon general demurrer, because it does not contain any allegation as to the date of maturity of the note sued on. The following authorities are to the effect that the petition is not sufficient if a special exception had been interposed: *Pennington v. Schwartz,* 70 Tex. 211, 8 S. W. 32; *Whitaker v. ·Record,* 25 Tex. Supp. 382; *Wood v. Evans,* 43 Tex. 175. But it is sufficient upon general demurrer. This disposes of the third assignment, which is that, the pleading· being on a note without any specified date for maturity, and the note introduced being one to mature upon its face in

one year, there was a fatal variance. The case of *Salinas v. Wright,* 11 Tex. 575, is not in point.

[3] The answer to the fourth assignment, which alleges that, the amended petition having set up a new cause of action, by reason of the fact that the description of the note sued on was different from the description contained in the original petition, and four · years having elapsed since the note became due, it was barred by the statute of limitations, is that, as held above, the two petitions sufficiently describe the note introduced in evidence to stop the running of the statute.

For the failure to grant the continuance, the cause must be reversed and remanded for a new trial; and it is so ordered.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes