SILVER VALLEY HORSE CO. v. C. V. EVANS & CO. (No. 5698.)

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1916. On Motion for Rehearing, Jan. 6, 1917.)

1. PLEADING ☞248(2) — AMENDMENT — NEW CAUSE OF ACTION.

Where any evidence introduced under appellant's third amendment to its petition could have been offered under its first or second amendment, the same defenses urged against each, the same measure of damages recovered, and a recovery had upon either would have barred a recovery upon the others, no new cause of action is pleaded by the third amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 687; Dec. Dig. ☞248(2).]

2. LIMITATION OF ACTIONS ☞127(13) — AMENDED PLEADING — NEW CAUSE OF ACTION.

Where appellant's original petition to recover damages for appellee's refusal to furnish him with another stallion of equal value in place of one purchased which proved unsatisfactory was filed within four years after the breach of contract, appellant's amended petition, filed more than four years later, alleging the same facts and in addition that appellees were bound to furnish another stallion "of the same kind and breed, and of equal value," which was omitted in the contract by mutual mistake, did not set up a new cause of action, but merely set out the entire contract and implied the facts pertaining thereto, and was not barred by the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 545; Dec. Dig. ☞127(13); Pleading, Cent. Dig. § 688.]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by the Silver Valley Horse Company against C. V. Evans & Co. Exceptions to amended petition sustained and suit dismissed, and plaintiff appeals. Reversed and remanded.

Hill, Lee & Hill, of San Angelo, and Woodward & Baker, and Critz & Woodward, all of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

RICE, J. This suit was brought October 12, 1911, by appellants, plaintiffs below, in the district court of Tom Green county, to recover damages by reason of alleged breach of contract on the part of appellees, and afterwards, on plea of privilege, was transferred to the district court of Tom Green county, where the same was finally tried; appellant alleging that on the 9th of April, 1910, it purchased from appellees for $1,800 a certain stallion for breeding purposes, the latter guaranteeing that the stallion was a satisfactory and sure breeder, and agreeing that in the event he should prove not to be as represented, that they would furnish appellant another stallion of equal value. Further alleging that the stallion, upon trial, proved worthless for the purposes mentioned, and that it had tendered such stallion back demanding of appellees that they replace him with another stallion of the same kind and breed and of equal value, which they refused to do. Thereafter on November 20, 1911, and on April 22, 1912, respectively, appellant filed its first and second amended original petitions, wherein it set out substantially the same facts, amplifying the same in matter of detail, but pleading the same contract between it and appellees, which it alleged was in writing, setting up the breach thereof by the latter, adding, however, in each that the appellees agreed to take said stallion back and give appellant another stallion of equal value, thereby meaning that if said horse proved unsatisfactory under said contract and agreement, and that if said stallion failed to be as represented, they agreed to take said stallion back and to give appellant another of equal value, thereby meaning another stallion of the same kind and breed and of equal value. Thereafter on December 13, 1915, appellant filed its third amended original petition, which set out substantially the same facts as previously alleged, except that it alleged that the original contract between the parties bound appellees to furnish appellant, in the event said horse proved to be unsatisfactory, another of the same kind and breed and of equal value, which it was averred was omitted from the original contract by mutual mistake.

Appellees addressed special exceptions to the last-named petition, insisting that said pleading set up a new cause of action from that alleged in the amended petitions, which said new cause of action was not pleaded until four years after it accrued, for which reason it was barred by the statute of limitations.

This exception was sustained, and appellant, declining to amend, the suit was dismissed, from which judgment appellant prosecutes this appeal, urging that the court erred in sustaining such exception, insisting by its proposition thereunder that its third amended original petition only enlarged upon the cause of action theretofore pleaded, alleging more specifically the terms and conditions of the contract of guaranty, the breach of which was the foundation of its cause of action; so that the only question for our determination is the correctness of the ruling of the court upon such exception.

It is always permissible for the plaintiff to amplify and set out more fully the facts upon which the cause of action originally sued upon was based, in order to make the pleading conform to the facts sought to be offered in evidence to sustain it; and this we understand to be the settled law of this state, supported by many adjudicated cases. See Thouvenin v. Lea, 26 Tex. 612; Burton-Lingo Co. v. Beyer, 34 Tex. Civ. App. 276, 78 S. W. 248; T. & N. O. Ry. Co. v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155; Cotter, Truelove & Co. v. Parks, 80 Tex. 539, 16 S. W. 307; Booth v. Houston Packing Co., 105 S. W. 46; Mayes v. Magill, 48 Tex. Civ. App. 548, 107 S. W. 363; Green v. Loftus, 132 S. W. 502; McWhorter v. Estes, 175 S. W. 846; W. U. Telegraph Co. v. Smith, 146 S. W. 332; S. A. & A. P. Ry. Co. v. Bracht, 157 S. W. 269; W. U. Telegraph Co. v. Smith, 133 S. W. 1062; Baker v. Gulf, C. & S. F. Ry. Co., 184 S. W. 257, recently decided by this court, not yet officially reported.

The case of Thouvenin v. Lea, supra, was one where the plaintiff sued to recover land and the value of certain improvements. The land had been sold under a parol contract, and the plaintiff claimed the value of certain improvements by virtue of a parol agreement that he should be paid for making them. By amendment the plaintiff set out more fully the terms of the contract under which he claimed. To this the defendant pleaded the two-year statute of limitation, which was sustained by the trial court. The Supreme Court, in passing on the question, said:

"Nor should the exceptions to the amended petition, upon the ground that it set up a new cause of action which was barred previous to the filing of the amendment, have been sustained by the court. The cause of action presented in the original petition was the breach of contract in the sale by parol of a tract of land, by reason of which, it was alleged, appellant became liable to pay for the improvements made upon the land. The amended petition merely enlarges and states more fully and accurately the facts with reference to the same contract upon which the original petition was based. It only states an additional stipulation in the agreement between the parties, which was omitted in the original petition. It enlarges, but in no manner contradicts, the allegations previous-

ly made. The very object of an amendment is to supply the omissions of the original pleadings. And it never has been supposed that the statute of limitations would present any impediment to its being done at any time during the progress of the cause. The statute only operates as a bar when it is sought under the name of an amendment to present a new suit."

The case of Western Union Telegraph Co. v. Smith, 133 S. W. 1063, was one where plaintiff sued to recover damages from the telegraph company for failing to deliver a death message. The court in that case held that the plaintiff, not having alleged a contract on the part of the company to deliver the message, the demurrer was properly sustained. The same case upon a second trial (146 S. W. 332) announces the doctrine that, although the plaintiff had failed in his original petition to allege a contract with the company to transmit and deliver the message, the amendment setting up the contract and alleging payment of the fees demanded by the company, and which amendment was filed more than two years after the injury occurred, was not barred by the statute of limitation of two years, and did not set up a new cause of action. Mr. Chief Justice Key, in passing upon the question, said:

"We held on the former appeal that the petition then under consideration did not allege that the defendant had entered into a contract, or had otherwise obligated itself to transmit and deliver the telegram referred to. The amended petition cured those defects; but the defendant took the position in the court below that the amended petition was in fact the commencement of a suit, and, as more than two years had elapsed, the cause of action was barred by limitation. The trial court overruled that contention, and that ruling is assigned as error. It is also contended that the amended petition set up a new cause of action, and, as more than two years had elapsed, it was barred by limitation. We overrule both of these contentions, and hold that, although the plaintiff's original petition was so defective as that it did not sufficiently state a cause of action, the amended petition, which supplied the omissions and stated a cause of action, was not barred by limitation. Both petitions sought a recovery on account of defendant's negligence and delay in the transmission and delivery of a certain message. The first failed to allege facts showing that any legal duty rested upon the defendant concerning the message; and the second supplied that omission. The first, although essentially defective, arrested the statute of limitations."

In Mayes v. Magill, supra, it was said:

"But if the amended petition in any way retained even a part of the cause of action as asserted by the original petition, and afterward reasserted by the amended petition, it is sufficient to prevent the running of the statute after the original petition was filed."

In San Antonio & Aransas Pass Ry. Co. v. Bracht, supra, the court, in pointing out the four tests for determining whether a new cause of action is pleaded, said:

"(1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defense?"

[1] In the present case appellant relied for recovery upon the breach of the same contract, based upon the same facts, made at the same time between the same parties; and we are of opinion that any evidence introduced under the third amended petition could have been offered under the first or second, and that the same defenses could have been urged against each—the same measure of damages could have been recovered under the one as under the other, and a recovery had upon either would have barred a recovery upon the others. It is true, the entire contract was not set out in the original petition or in the first two amendments; but appellant had the right, we think, to amend its pleading and set up the entire contract and all facts upon which it sought a recovery, provided, of course, it did not set up a new cause of action.

In the instant case it occurs to us that under the allegations of the first two amendments, appellant had the right to show the purpose for which the horse was purchased, and if he was not suitable for such purpose that appellees guaranteed to replace him with another of equal value, and that by the expression "equal value," under the circumstances of this case, was meant a horse of like kind and breed.

Believing that the court erred in sustaining the exceptions above discussed, its judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.

## On Motion for Rehearing.

[2] We have carefully read and considered appellees' motion for rehearing, together with the cases therein relied upon, and are constrained to believe that they are not applicable to the point raised in this appeal. This was not a suit to reform and enforce a contract; but, on the contrary, was a suit to recover damages for breach of an alleged written contract. The original petition and the two amendments having failed to state fully the entire terms of the contract, the third amended petition undertook to do so, averring that certain portions thereof, setting the same out, were omitted through mutual mistake. Appellees contend that since this last amendment was filed more than four years after the date of the contract and the discovery of the mistake, it was barred by limitation, which it urged by its demurrer as a defense to plaintiff's right to recover in this action. If plaintiff had brought the suit to recover damages more than four years after the breach of the contract, then it is conceded that appellees' exception ought to have been sustained. This is not the case, however, but, on the contrary, the suit was brought to recover damages before it was barred, but the plaintiff in its petition omitted to set out portions of the contract which it subsequently did by its amendment; and as the amendment was made four years after the cause of action arose, it is contended on the part of appel-

lees that the statute of limitation could be urged against it. It was not setting up or undertaking to set up a new cause of action, but merely an amplification of the original cause of action partially pleaded.

While the petition undertook to recover for a breach of the contract, it omitted to fully state what the contract really was; and plaintiff had the right, we think, by amendment, to plead the contract as it in fact existed. The allegation that a part of the contract was omitted by mutual mistake may be stricken out, and still the petition as finally amended shows a good cause of action for a breach of contract.

We therefore adhere to our original opinion in holding that the court erred in sustaining the demurrer, and overrule the motion for rehearing.

Motion overruled.