### T. T. WORD SUPPLY CO., Inc., v. STRIBLING et al.

### No. 7544.

Court of Civil Appeals of Texas. Austin.

Dec. 23, 1930.

Rehearing Denied Jan. 14, 1931.

Andrews, Streetman, Logue & Mobley and Homer E. Mabry, all of Houston, and Lawrence L. Bruhl, of Llano, for appellant.

BLAIR, J.

By its first amended original petition, filed March 27, 1929, appellant sued appellees, J. C. Stribling and Isadore Leon, "individually and as copartners doing business without a firm name," for $1,675, the price of certain oil well machinery and supplies sold to them by ap-

pellant in April, 1928. Stribling denied the partnership under oath, and by its first supplemental petition, filed May 12, 1930, appellant alleged that, if there was no partnership, then the account was the personal obligation of Stribling; but that Leon had recognized it as a partnership obligation, and had individually guaranteed its payment. By a trial amendment Stribling pleaded that any cause of action asserted against him individually was barred by the two-year statute of limitation.

The trial court found that $1,312.91 of the account was the personal obligation of Stribling and not a partnership obligation, and, upon this finding and the conclusion that appellant's first amended original petition was "insufficient as a matter of law" to charge Stribling individually with the debt, sustained his plea of limitation as to the $1,312.91. Clearly this was error. The first amended original petition charged that Stribling was liable individually and as a copartner for payment of the account. The first supplemental petition merely alleged more specifically the facts fixing Stribling's liability, both individually and as a copartner for payment of the account. The suit remained one upon sworn account after the filing of the supplemental pleading the same as before it was filed, and the same evidence would have established Stribling's individual liability for the account under either the original or supplemental pleadings. A pleading which seeks to charge a defendant with liability for payment of a debt in several capacities is sufficient to toll the running of the statute of limitation against the debt in either or all capacities when defendant is properly served or notified of the claim of his liability for the debt. Likewise is the law settled that a pleading which seeks to charge a defendant individually and as a copartner with the payment of a debt is sufficient to toll the running of the statute of limitation as to the debt in favor of the defendant in either capacity in which he is sued. Gayle v. Ennis, 1 Tex. 184; Hall v. Pearman, 20 Tex. 169; Rider v. Duval, 28 Tex. 623; Roundtree v. Stone, 81 Tex. 299, 16 S. W. 1035; Latham v. Jordan (Tex. Civ. App.) 3 S.W.(2d) 555; Fowler Commission Co. v. Land & Co. (Tex. Com. App.) 248 S. W. 314; Mann v. Mitchell (Tex. Civ. App.) 241 S. W. 715; Frank v. Tatum (Tex. Civ. App.) 26 S. W. 900; Tex. Unity Oil Co. v. Dolman (Tex. Civ. App.) 8 S.W.(2d) 815; Mayes v. Magill, 48 Tex. Civ. App. 548, 107 S. W. 363; Orange-Mill Supply Co. v. Goodman (Tex. Civ. App.) 56 S. W. 700; Warnok v. Mills (Tex. Com. App.) 291 S. W. 850; Becker v. Directors of Gulf City Street Ry. Co., 80 Tex. 475, 15 S. W. 1094; Kopperl v. Sterling (Tex. Civ. App.) 241 S. W. 553; Davis v. Preston, 118 Tex. 303, 16 S.W.(2d) 117; Davis v. Gant (Tex. Civ. App.) 247 S. W. 576; Henderson v. Beggs (Tex. Civ. App.) 207 S. W. 565; Fuller

v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455. We therefore reverse the judgment of the trial court sustaining Stribling's plea of limitation as to $1,312.91 of the account, and here render judgment in favor of appellant against J. C. Stribling individually for said amount of $1,312.91, with interest; but in all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part, and in part affirmed.