**COHEN v. LEWIS.**
No. 2598.

Court of Civil Appeals of Texas. El Paso.
Dec. 10, 1931.

Rehearing Denied Dec. 31, 1931.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Hirsch, Susman & Westheimer and Harry Susman, all of Houston, for appellee.

HIGGINS, J.

Cohen built for Lewis a corrugated iron shed under an agreement that Lewis would pay therefor the cost of construction plus 10 per cent. Upon bills submitted by Cohen, Lewis paid Cohen $2,733.70 for building the shed. Later Lewis brought this suit against Cohen and the H. M. Cohen Lumber & Building Company to recover $1,303.70. It was alleged that the reasonable cost of the shed, plus 10 per cent., was $1,430, and the sum of $2,733.70 was paid by mutual mistake and miscalculation of the parties. In the alternative it was alleged that the payment was made upon the false and fraudulent representations of Cohen as to the cost of construction.

Upon trial without a jury judgment was rendered in favor of Lewis against Cohen for $511.62. Recovery against the codefendant was denied.

The findings and conclusions disclose that the recovery was based upon the alternative plea of fraud. There is no occasion to consider in detail or discuss at length the great number of propositions submitted by appellant. Our conclusions will be but briefly stated.

Complaint is made of the overruling of a general demurrer to that portion of the petition upon which the action in deceit is based. It is objected that the petition is insufficient in that it does not allege the value of the shed, for which reason no damage is shown; further, that the allegations are insufficient to show that plaintiff in paying defendant relied upon the statements of cost as submitted by defendant.

■ The first objection is founded upon the assumption that the plaintiff's measure of damage is the difference between what he paid and the value of what he received. This is not the measure. This is an action to recover an overpayment, and the measure of damage is the difference between what he paid and what was rightfully due under the contract.

■■ As to the second objection there is room for much improvement in the petition, but considering same as a whole we think reliance upon the representations is sufficiently alleged. It was specifically alleged in connection with the allegations of mistake, and we do not think it was necessary to repeat the same in connection with the allegations that the bills were false and fraudulent. They were the same bills in either event. We think these allegations are sufficient to meet the objection that reliance was not alleged, viz.:

"VI. Plaintiff further shows to the Court that the said sum of Two Thousand Seven Hundred Thirty-three and 70/100 ($2733.70) Dollars was paid by the Plaintiff to the Defendant, as above set out, because of a mutual mistake and that the figures above set out were given to the plaintiff by the said H. M. Cohen, and this plaintiff alleges upon information and belief that the said H. M. Cohen through mistake of fact and miscalculation made said representations to the Plaintiff, that said Plaintiff, relying upon said representations, paid said sum of Two Thousand Seven Hundred and thirty-three and 70/100 ($2733.70) Dollars to the Defendant as above set out, and that said Defendant was not entitled to said sum of Two Thousand Seven Hundred Thirty-three and 70/100 ($2733.70) Dollars.

"VII. Pleading further in the alternative, Plaintiff shows to the Court that the sum of Two Thousand Seven Hundred Thirty-three and 70/100 ($2733.70) Dollars (which in addition to said sum of Four Hundred Ninety-five ($495.00) Dollars paid on separate contract) which the Plaintiff paid, as above set out, was paid by the Plaintiff to the Defendant because of representations made by the said H. M. Cohen, acting either for himself or the corporation, H. M. Cohen Lumber & Building Co. or both, to the Plaintiff, that said sum was the cost of building said shed plus the ten (10%) per cent to which the Defendant was entitled, and that said representations were false and untrue, and the said H. M. Cohen secured from the Plaintiff said sum through fraud and misrepresentations, that said misrepresentations were made both orally and in writing, said representations in writing being in the form of a typewritten statement containing three (3) pages and presented to the Plaintiff by the said H. M. Cohen, which are in substance and effect as follows:"

■ Complaint is made of the overruling of special exceptions to the petition. The substance of these exceptions is that the petition does not point out the particulars in which he had been overcharged wherefore the defendant could not properly defend himself. In the very nature of things one who has been overcharged upon a building contract of the kind here presented cannot definitely identify the items for which overcharges were made.

If the bills presented by defendant and paid by the plaintiff were correct, the defendant should be prepared to show that they were so. It does not seem to us that he should have any difficulty in that respect. We regard the error, if any, in overruling the special exceptions as harmless. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

■ There is no issue of estoppel in this case as contemplated in the ninth proposition. The court found that appellant had fraudulently overcharged appellee. One cannot, upon his own fraud, predicate an estoppel in his favor.

■ In response to a leading question, appellee testified that he relied upon the cost statements submitted by appellant as being true. This matter is not reversible in view of the fact that appellee had previously testified,

without objection, to substantially the same thing when he testified that as the bills and statements were presented by Cohen he paid them and "did not question them at all."

The evidence referred to in the thirteenth and fourteenth propositions was immaterial and could not have had any harmful effect. The error in its admission is harmless.

Various propositions in different forms question the sufficiency of the evidence to support the court's findings and judgment. We regard the evidence as sufficient.

The same may be said of those propositions which question the sufficiency of the court's findings to support the judgment.

As to those propositions which assert that the account having been accepted as correct and paid cannot now be reopened, it is sufficient to say that accounts stated constitute no exception to the rule that a contract may be impeached for fraud. 1 C. J. 709; Houston E. & W. T. Ry. Co. v. Snelling, 59 Tex. 116.

In the original petition it was alleged that the contract to build the house was made in May, 1929. In an amended petition filed more than two years after the cause of action accrued it was alleged that the contract was made in May, 1928. This change of date did not constitute a new cause of action and the plea of limitation is without merit. Warnock v. Mills (Tex. Com. App.) 291 S. W. 850; Texas H. & I. Mutual Fire Insurance Co. v. Dallas T. & S. Bank (Tex. Civ. App. 1927) 295 S. W. 665; Whitehead v. Wicker (Tex. Civ. App. 1926) 280 S. W. 604; Lutz v. Thompson (Tex. Civ. App. 1924) 259 S. W. 1108; Mitchell v. Mann (Tex. Com. App. 1923) 255 S. W. 980; Burton-Lingo Co. v. Beyer (1904) 34 Tex. Civ. App. 276, 78 S. W. 248.

The fortieth proposition complains that appellant is charged with the costs incurred in making the lumber and building company a party defendant. We do not think this is the effect of the judgment, but to remove any doubt about the matter we will amend the judgment so as to plainly tax against appellee all costs incident to the joinder of said company as a party defendant. This amendment will not relieve appellant of the costs of appeal being taxed against him.

Amended and affirmed.