HUNNICUTT v. STATE. (Court of Criminal Appeals of Texas. Feb. 12, 1913.) Appeal from Criminal District Court, Dallas County; Barry Miller, Judge. George Hunnicutt was convicted of crime, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted under an indictment containing three counts, but the court in his charge only submitted the second count, and, this charging an offense against the law, the court did not err in overruling the motion to quash the indictment. There being no statement of facts or bills of exception in the record, the motion for new trial presents no grounds we can review. The judgment is affirmed.

---

ROBINSON v. STATE. (Court of Criminal Appeals of Texas. Feb. 12, 1913.) Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge. Brice Robinson was convicted of aggravated assault, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of an aggravated assault, fined $100, and imprisoned six months in the county jail. There is but one bill of exceptions. It is quite lengthy. It recites all of the testimony of the wife of the appellant, who was introduced by him, on her direct examination, containing several pages of typewriting. Then it gives her testimony on cross-examination. All this is first stated in a narrative form. Then all this is again given by questions and answers for both the direct and cross-examinations. Altogether it contains 15 pages of typewritten matter. The court, in approving the bill, states as follows: "This bill is approved to this extent. The court never overruled an objection going into new matters in cross-examination of the wife. On the contrary, the court at one time at the beginning of the cross-examination instructed the county attorney not to go into any new matter. As will be seen by the stenographer's notes in this bill, only two objections were made by the defendant. One was when state's attorney asked the given name of defendant's father. The other was to the question (last in the notes): "When did you see him at 10 o'clock that night?" To this defendant objected, and the court sustained the objection. As qualified by the court it presents no error. Even without this qualification no error is shown. Complaint is made in the motion for new trial that the verdict is contrary to the great preponderance of the evidence. We have carefully gone over the evidence. It in every way amply sustains the verdict. In fact, it would clearly have justified a conviction of an assault with intent to kill, for which appellant was indicted. No other ground by appellant shows any error whatever. The judgment is affirmed.

---

WILLIS v. STATE. (Court of Criminal Appeals of Texas. Feb. 12, 1913.) Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge. Bruce Willis was convicted of crime, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. From a conviction for robbery, with a penalty of five years in the penitentiary, this appeal is prosecuted. There is neither a statement of facts, nor any bill of exceptions in the record. No question is raised by the motion for new trial which we can consider in the absence of a statement of the facts. The judgment is affirmed.

---

LOFTUS v. GREEN. (Court of Civil Appeals of Texas. El Paso. Jan. 23, 1913. Rehearing denied Feb. 19, 1913.) Appeal from Harris County Court; Clark C. Wren, Judge. Suit by L. S. Green against T. F. Loftus. Judgment for plaintiff, and defendant appeals. Affirmed. Fisher, Sears & Campbell, of Houston, for appellant. Baker, Botts, Parker & Garwood and Walter H. Walne, all of Houston, and Beall, Kemp & Parker, of El Paso, for appellee.

HARPER, C. J. This is a suit by L. S. Green against T. F. Loftus for the recovery of $332.50, the balance due upon a verbal contract between the parties, under which plaintiff architect was to prepare plans for the erection of a two-story brick building in the city of Houston, procure bids therefor, and to superintend the construction thereof. The appellant's first and second assignments of error raise the same question, viz.: The court erred in overruling defendant's first and second special exceptions to plaintiff's second amended original petition. The exceptions charged that the said pleading set up a new cause of action, and, if so, the petition upon its face showed that the same was barred by the two-year statute. These questions were adjudicated by the Court of Civil Appeals of the Fourth Supreme Judicial District (Green v. Loftus, 132 S. W. 502) and the Court of Civil Appeals of First District, 104 S. W. 396, holding contrary to appellant's contentions. We concur in their opinion; therefore overrule the assignments. The third assignment complains of the court's charge, and the fourth assigns error in the refusal of special charge No. 3; and the fifth and sixth charge error in court's failure to charge as suggested by appellant's special charges Nos. 2 and 3. We find no error in the charge of the court as given, and cannot agree that it was error for the court to refuse the special charges requested by the defendant. All the assignments are therefore overruled, and the judgment of the lower court affirmed.

---

ROWAN et al. v. BROOKSHIRE et al. (Court of Civil Appeals of Texas. Amarillo. Feb. 1, 1913.) Appeal from District Court, Randall County; Jno. W. Veale, Special Judge. Action between T. H. Rowan and others and Eva L. Brookshire and others. Judgment for Brookshire and others, and Rowan and others appeal. Affirmed. J. C. Hunt, of Canyon, for appellants. Mathes & Williams, of Plainview, for appellees.

HALL, J. Appellants' amended brief fails to comply with the rules, and will not be considered over the objections of appellees. The record in the case discloses no fundamental error, and the judgment is affirmed.