### CARPENTER et al. v. MONCRIEF et al.*
(No. 3015.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 25, 1925. Rehearing Denied March 12, 1925.)

**Limitation of actions** ⬚127(17)—**Amended pleading held to set up cause of action different from that presented in original petition.**

Amended pleading, charging that defendant under escrow agreement expressly agreed to receive and hold money paid for deed in trust and to act as agent of plaintiffs in applying it on their notes, *held* to set up a cause of action different from that in original petition, charging unintentional overpayment by plaintiffs, and wrongful conversion of money by defendants.

Willson, C. J., dissenting.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Suit by H. H. Carpenter and another against L. H. Moncrief and others. From judgment of dismissal, plaintiffs appeal. Affirmed.

Allen & Baughn, of Paris, for appellants.
Moore & Hardison and Patrick & Eubank, all of Paris, for appellees.

HODGES, J. On July 26, 1921, the appellants filed their original petition in the court below against L. H. and D. E. Moncrief and A. P. Black. The suit grew out of a land transaction between appellants and the Moncriefs. To avoid unnecessary prolixity, the substance of that petition may be stated as follows:

On August 19, 1919, the plaintiffs purchased a tract of land from the Moncriefs. The purchase price was $9,015, to be paid, $4,025 cash, the assumption of a debt of $2,500 due upon an outstanding deed of trust, the assumption of two vendor's lien notes for $750 each, theretofore executed by the Moncriefs and held by A. P. Black, and the further payment of $990, evidenced by two promissory notes payable to the Moncriefs. The deed was executed by the Moncriefs conveying the land upon the terms stated. It was agreed between the parties that the transaction was not to be finally closed and the deed and notes delivered until December 31, following. In the meantime the papers were to be held in escrow by A. P. Black until the cash payment was made on the date mentioned. It was also agreed that the plaintiffs were to deliver certain property valued at $1,025 to the Moncriefs as a part of the cash payment, the title to which should pass to the Moncriefs on January 1, 1920. On December 31, 1919, plaintiff paid to Black, as the representative of the Moncriefs, the sum of $4,950. This sum, when added to the value of the property previously delivered to the Moncriefs, amounted to $5,950, or $1,925 in excess of the sum contracted to be paid as cash. It is then alleged:

"That inadvertently and through mistake, unknown to these plaintiffs or either of them, they paid the defendants the sum of $1,925 more than they had contracted for and more than was stipulated and set out in said deed, and $1,925 more than $9,015, which they agreed to pay for said land. That said amount of money was paid to these defendants by these plaintiffs through mistake, for which they received no consideration and were not obligated so to pay. That these defendants received said money and appropriated it to their own use and benefit, and have refused and still refuse to pay back said money to these plaintiffs, though often requested so to do, to plaintiffs' damage in the sum of $1,925."

On September 29, 1923, the appellants filed a second amended original petition, reiterating the history of the transaction and the contract between the purchasers and sellers, with some slight variations, and adding the First National Bank of Blosson as a party defendant. They alleged that, on December 31, plaintiffs paid Black in cash $4,975, which, added to the property previously delivered to the Moncriefs, made the sum of $6,000; that plaintiffs wished to pay that excess over the agreed cash payment then due, and so informed Black, who agreed to apply that excess in accordance with the terms of the deed of conveyance. It is further stated, in substance, that after the payment made to Black, the latter delivered to the Moncriefs the two notes payable to them, aggregating the sum of $990, and the Moncriefs had assigned those notes to innocent purchasers before maturity, and plaintiffs had been forced to pay them since the institution of this suit, together with interest aggregating $237.60; that there was left in the hands of Black one negotiable note of the sum of $750, and since the institution of this suit plaintiffs have paid $180 interest on that note. There is still outstanding against plaintiffs a mortgage debt of $2,500. Black now has in his hands $1,225 in excess of the total amount plaintiffs were to pay on the land under the original contract. The petition then proceeds:

"Plaintiffs would further show the court that the defendant A. P. Black was fully informed of the provisions of the deed from the Moncriefs to these plaintiffs, had possession of all the papers in connection therewith, was the owner and holder of four notes against said land, knew that all notes not assumed by plaintiffs as well as all interest on the whole indebtedness and such of the principal as fell due

January 1, 1920, was to be paid out of cash going to the Moncriefs. And plaintiffs had confidence in the ability and integrity of the said Black, and entrusted said money in his hands for the purpose of applying said money on said land deed as provided for in said deed; but the said Black has failed to account to these plaintiffs for said sum of $1,225, and plaintiffs have been damaged in said sum, together with the interest they have been compelled to pay in the sum of $417.60."

The petition closed with a prayer for the recovery of the amount above stated. The appellees, defendants below, excepted to the amended petition on the ground that it presented a cause of action different from that set out in the original petition, and one then barred by the statute of limitation. Those exceptions were sustained and the suit dismissed.

The controlling question here is: Did the last pleading set up a cause of action legally different from that presented in the original petition? If it did, there was no error in dismissing the suit. In Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707, the Supreme Court lays down the following rule for testing the identity of causes of action:

"(1) Would a recovery had upon the original bar a recovery under the amended petition; (2) Would the same evidence support both of the pleadings; (3) Is the measure of damages the same in each case; (4) Are the allegations of each subject to the same defenses? * * * We are of opinion that the second and last furnish the best tests by which to determine the matter before us, and we can safely say that if the same testimony would not support the allegations in each of these pleas, and that the same defenses could not be interposed to each of them, they are not identical, and therefore the amended petition presents a new cause of action."

It appears from the appellants' original petition that Black was made the custodian of the deed from the Moncriefs to the appellants, and of the two notes for $495 each executed by appellants to the Moncriefs as a part of the purchase price; that Black was to receive the remainder of the cash payment, amounting to $3,000, and upon receipt of that sum he was to deliver the deed to the appellants, and the two notes for $495 each to the Moncriefs. By mistake, it is said, the plaintiffs paid Black $1,925 too much, and he and the Moncriefs converted that sum to their own use. Those averments presented a plain case of unintentional overpayment by the debtor, and a wrongful conversion of the money by Black and his codefendants. The proof might have stopped with those facts, and a prima facie case of conversion would have been established. The measure of damages would be, in such a case, the amount of the overpayment, with legal interest thereon from the date of payment. Under those con-

ditions the law would imply a promise on the part of Black and the Moncriefs to repay the excess delivered by mistake.

In the amended original petition it is alleged, in effect, that the excess over the cash payment then due was intentionally delivered to Black in pursuance of an express agreement between him and the appellants that Black would apply that excess upon the two notes of $750 each held by him and assumed by the appellants, and the two notes for $495 each executed by appellants in favor of the Moncriefs. In other words, Black expressly agreed to receive and hold the money in trust, and to act as the agent of the appellants in applying it on notes which the appellants had agreed to pay. It is merely alleged that he failed to perform that part of his agreement. It is not charged that he had converted the money to his own use, or that he had in any manner misappropriated it. A portion of the money held by him, it is conceded, was properly applied in payment of one note for $750 which had been assumed by the appellants. The damages sought were the sum not applied on the notes and the interest which appellants had been compelled to pay.

Under the averments of the original petition, Black and his codefendants committed a tort, and the cause of action arose when the money was paid to him by mistake. Under the averments of the amended petition Black had violated an express contract. That cause of action arose when the default occurred, and resulted from a transaction legally different from the one first described. Counsel for appellants insist that the cause of action stated in the amended pleading is, in substance, the same as that pleaded originally, because in each instance the suit is for money lawfully obtained by Black. That conclusion is not entirely correct. It is true the original petition does not charge Black with criminal misconduct in getting possession of the money, but it does charge him with a civil wrong. If Black had no legal right to retain the money for any purpose, clearly he had no right to take it. It is a legal wrong for one party to a transaction to take advantage of another's mistake. The plain implication of the language used in the original petition is to charge Black with the commission of a fraud, for it is not intimated that he also acted under a mistake of fact. It follows that if Black did no criminal act in securing possession of the money in the manner charged in the original pleading, he was at least guilty of a civil wrong.

On the other hand, according to the averments of the amended petition, he received the money under an express agreement to make a lawful application of it, and he partially performed that duty.

We are of the opinion that the different pleadings state two separate and distinct

causes of action. We also conclude that it appeared from the face of the amended petition that the cause of action therein stated was barred at the time the amendment was filed.

The judgment will be affirmed.

WILLSON, C. J. I think the cause of action stated in the amended petition was not a new one, and respectfully dissent from the conclusion reached by the other members of the court. The amended petition, like the original petition, I think shows the cause of action to be for a conversion.