**CARPENTER et al. v. MONTCRIEF et al.**
(No. 769–4368.)

(Commission of Appeals of Texas, Section A. Feb. 3, 1926.)

**Pleading** ⟨⟩248(3)—**Cause of action in amended petition, in suit seeking recovery of sum delivered for application as payment on land, changing amounts and setting up agreement instead of mistake, held identical with that of original petition.**

Cause of action in amended petition, in suit seeking recovery of money alleged to have been delivered for application as payment on land, held identical with that asserted in original petition, notwithstanding that there was difference in amounts, and that original petition alleged delivery through mistake, and amended petition alleged agreement for application of payment of sum upon land.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by H. H. Carpenter and another against L. H. Montcrief and others. Judgment dismissing the suit was sustained in the Court of Civil Appeals (270 S. W. 267), and plaintiffs bring error. Reversed and remanded.

Allen and Boughn, of Paris, for plaintiffs in error.

Patrick & Eubank, and W. F. Moore, all of Paris, for defendants in error.

BISHOP, J. On July 26, 1921, plaintiffs in error H. H. Carpenter and Mrs. Ollie Nelson filed this suit against L. H. Montcrief, D. E. Montcrief, and A. P. Black, alleging in their petition that on August 19, 1919, they entered into an agreement to purchase from L. H. and D. E. Montcrief, a certain tract of land for a consideration of $9,015, to be paid as follows: $4,025 cash, the execution of their note for $990, and the assumption of notes as follows: One note for $2,500, secured by deed of trust, and two notes for $750 each, executed by L. H. and D. E. Montcrief, and payable to A. P. Black; that the deed to said land was then executed by L. H. and D. E. Montcrief to them, and by agreement placed in the hands of A. P. Black in escrow, to be delivered to them on December 31, 1919, when the deal was to be closed, and the cash part of the consideration paid; that in said agreement it was also understood that they should deliver to L. H. and D. E. Montcrief property of the value of $1,025, the title to which was to pass to them on December 31, when the deal was to be closed, and which was to be, and was, accepted as part of the cash portion of the consideration which they agreed to pay; that on December 31, 1919, this deal was closed and the deed delivered; that, in closing the deal, $4,950 in cash was delivered by them to A. P. Black for the purpose of having same applied to the payment of the consideration for which they purchased said land; and, that in delivering this $4,950 to Black, they "inadvertently and through mistake" delivered to him $1,925 more than was necessary to pay the balance of the amount of cash consideration under the agreement, for which they sought judgment.

Thereafter, by supplemental petition filed on March 20, 1922, in reply to an answer theretofore filed by A. P. Black, wherein he alleged that he was acting as the agent of the First National Bank of Blossom, the plaintiffs in error made said bank a party defendant.

On September 29, 1923, plaintiffs in error filed their second amended original petition, alleging the facts as alleged in their original petition, except they alleged that, under the agreement, they were to execute two notes for $495 each, instead of one note for $990; that $4,975 was delivered by them to Black, instead of $4,950; and that when they paid

into the hands of Black the $4,975 they told him "they wanted to pay this sum instead of the sum of $3,000, which, with the property previously turned over to the Moncriefs, would make the sum of $4,025 as provided for in said deed"; and that Black advised them "that he understood" the deal, and that he would apply said money as provided for in said deed, and did not allege that a part of the amount paid into the hands of Black was "inadvertently and through mistake" delivered to him. This amended petition also alleged that, had the money paid into the hands of Black been applied according to the terms of the deed, the balance owing on the land would have been the sum of $2,500, secured by the deed of trust, and the further sum of $515; that Black did not do this, but turned over to L. H. and D. E. Montcrief the two notes executed by plaintiffs in error in the total sum of $990, which had been transferred to innocent holders before maturity, for value, and which they had been forced to pay; that there was left in Black's hands one note for $750 which was negotiable; that $1,225 of the amount of $4,975 paid into the hands of Black had not been accounted for by defendants in error; and that at the time the agreement to purchase said land was made it was agreed by plaintiffs in error and defendants in error that the deed and notes should be left in the hands of Black, who "agreed to hold them till called for by the parties, and agreed to see that the money when paid in would be applied according to the terms of the deed."

The amended petition also alleged that, under the agreement, it was also understood that the Montcriefs were to pay all interest on the notes assumed accruing prior to January 1, 1920, and that, by reason of Black's failure to apply all of the $4,975 to the consideration which plaintiffs in error agreed to pay for said land, they had been required to pay interest which accrued since said last named date in the sum of $417.60, and judgment was sought for the sum of $1,225, being the alleged sum not accounted for, and for said sum of $417.60, interest paid.

The defendants in error excepted to this amended petition, on the ground that it presented a different cause of action from that asserted in the original petition, and one which, from the amended petition, appeared to be barred by the statute of limitation. This exception was sustained and the suit dismissed. On appeal to the Court of Civil Appeals the judgment dismissing the suit was

280 S.W.—13

affirmed (270 S. W. 267), and the question here presented is whether the amended petition presents the same cause of action as that asserted in the original petition.

The cause of action asserted in the amended petition, in so far as plaintiffs in error seek recovery of $1,225 for failure to account for that amount of the sum delivered to Black for the purpose of being applied to the payment for the land, is identical with that asserted in the original petition. The fact that the amount for which recovery was sought in the original petition is different from that in the amendment, and that the allegation in the original petition that the amount delivered to Black in excess of the balance required to pay that portion of the consideration which under the agreement was to be paid in cash was delivered through mistake, is different from the allegation in the amendment that it was agreed that the sum delivered was to be applied on the payment for the land does not constitute a different cause of action. Both petitions seek to recover the amount paid to Black which was not applied to the payment for the land. The purpose for which the amount was delivered to him was to close the deal under the agreement and to have same applied upon this payment, and, if the facts alleged are true, plaintiffs in error are entitled to recover the amount which has not been so applied.

If judgment had been recovered under the original petition, it would have been a bar to a recovery under the amendment. Evidence establishing the allegation that the amount was paid to Black for the purpose of paying for the land, and was not so used, would support both petitions. The measure of recovery in both was the amount received by Black for which no accounting had been made. The defenses which could be urged to the amendment would also be applicable to the original petition. The defendants in error are not by the amendment deprived of any defense which they may have to the cause of action therein asserted.

We recommend reversal of both judgments, and that the cause be remanded to the district court for trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.