## FERGUSON SEED FARMS, Inc., v. FERGUSON.

### No. 995.

Court of Civil Appeals of Texas. Eastland.
July 1, 1932.

W. L. Scott, of Fort Worth, for plaintiff in error.

Murchison & Davis, of Haskell, for defendant in error.

LESLIE, J.

The plaintiff, Ferguson Seed Farms, Inc., sued the defendant, Joe Lee Ferguson, alleging that, at the instance and request of the latter, it sold to him seed, merchandise, etc., and that he agreed to pay for the same as per terms of sale contract, and in the alternative it alleged that, if it be mistaken in its allegations that it sold the same to the defendant, then such were shipped and consigned to the defendant, Joe Lee Ferguson, as its agent, who received and accepted same as such, sold same, collected the proceeds of such sale for the account of the plaintiff, and thereafter failed to account to plaintiff for any part thereof.

The defendant answered by general denial, exceptions, and pleaded limitation. The court sustained a special exception to a part of the pleadings setting forth the cause of action

first alleged. The plaintiff refused to amend, and the court struck out the cause of action set forth in the first part of the petition, or that appearing in the first count thereof. The issue of limitation as urged against the alternative plea was heard and sustained by the court; whereupon it dismissed the alternative plea, as well as the plaintiff's suit generally. From- this judgment plaintiff appeals. The parties will be referred to as in the trial court.

■ An assignment, sufficient as a proposition, is addressed to the action of the court in each respect. In the third paragraph of the plaintiff's amended original. petition it is alleged: "That on or about May 8th, 1924, said account of the said Ferguson Seed Farms owed it by Joe Lee Ferguson, defendant herein, was sold under a foreclosure sale under a deed of trust, and chattel mortgage thereon, to and became the property of Mrs. Kate F. Morton, deceased, and that on or about the same date the said Kate F. Morton, for a valuable consideration, sold, transferred and delivered said account to this plaintiff, which then and there became the property and assets of the plaintiff."

The defendant excepted to this portion of the pleading, "because it did not state whether or not the transfer * * * was in 'writing." The court sustained this exception, and, the plaintiff refusing. to amend, the court dismissed the cause of action in so far as it was based upon the theory of a sale of the seed to the defendant.

It will be observed that the special exception urges no vice in the pleading by reason of its being indefinite and uncertain, but asserts its insufficiency simply "because it did not state whether or not the transfer * * * was in writing."

Does an allegation of an assignment involving merchandise, etc. (personal property), render such pleading as in the instant case defective? We are of the opinion that it is not defective, either in substance or form.

In Singletary v. Goeman, 58 Tex. Civ. App. 5, 123 S. W. 436, 437, it is said that: "It is a well-settled rule that an assignment of a note or debt can rest in parol, and need not be in writing to be enforceable." In Word v. Elwood, 90 Tex. 130, 37 S. W. 414, 415, the Supreme Court, in considering a question involving the assignment of a negotiable instrument, held: "An instrument is 'assigned,' within the meaning of this statute, when it is transferred from one to another. The form of the transfer, and whether written or verbal, is immaterial."

In 5 C. J. p. 900, § 65, the rule is stated: "But it has been stated as a general rule that a valuable equitable assignment of a debt or other chose in action, whether evidenced by writing or not, may be made by parol, and

usually it is not important whether an assignment is in writing or by parol."

The text in notes 64 and 65 shows this rule to be almost universal, and that it obtains in Texas is obvious from the great number of Texas authorities cited in these notes.

In the discussion of the assignment of liens in 27 R. C. L. p. 584, § 329, it is said: "In England and in a number of jurisdictions in this country, the implied lien of the vendor is not regarded as purely a personal privilege, but may be assigned by him, and such an assignment may be oral as the lien is not regarded as an interest in land within the meaning of the statute of frauds requiring a transfer of an interest in land to be evidenced by writing."

Such is the rule in Texas. In First State Bank of Windom v. McElwrath (Tex. Civ. App.) 266 S. W. 837, it was held that, if an oral guaranty is made of the payment of a vendor's lien note, transferred for a valuable consideration by delivery only, the promise is not within the statute of frauds. To the same effect is Fry v. Barron, 2 S.W.(2d) 888, by this court.

If such is the legal effect of an assignment of a vendor's lien note, undoubtedly the accounts, etc., involved in this lawsuit could be transferred either by parol or in writing. Certainly accounts, as well as promissory notes, are assignable, and there is no statute prescribing that an assignment like that under consideration must be made in any particular manner. In the absence of such restrictions, no particular mode or form is necessary to effect a valid assignment. 5 C. J. p. 897, § 61.

For these reasons the first assignment is sustained.

■ As noted, the alternative plea asserted a liability against the defendant on the theory that the goods were consigned to the defendant as agent. To meet this contention, the defendant presented, among other defenses, a plea of limitation. As a fact basis for such plea, the litigants considered certain evidence before the court, namely: " * * * Agreed in open court * * * the court may consider in evidence on this motion the original petition filed herein on October 15th, 1925, of plaintiff, and its first amended original petition filed herein on January 24th, 1928, and its first and second supplemental petitions filed herein on January 4th and 5th, 1928, respectively, as offered in evidence by the defendant in support of said motion, together with the oral agreement of the parties hereto made in open court, and in the presence of the court that the allegations set out in the second count of plaintiff's second amended original petition were never filed in any prior petition or pleading, as introduced herein, and that the allegations as set out in the second

count were filed for the first time herein on the 26th day of January, 1931."

The controlling question, therefore, is whether, in the alternative plea, a new and different cause of action was set up. If so, it would be subject to the plea of limitation of two and four years. After a careful consideration of these pleadings and the nature of the cause of action, we conclude that no new and different cause of action was set up. The essential facts declared upon in the original petition were brought forward and declared upon in the last petition, and in each count thereof; the only change being the alternative plea on the theory of consignment and agency. The question appears to have been passed upon in Kirby Lbr. Co. v. C. R. Cummings & Co., 57 Tex. Civ. App. 291, 122 S. W. 273, 274 (writ refused). The nature of the facts and the holding of the court sufficiently appear in a brief extract taken from that opinion: "This suit was brought by appellees to recover damages against appellant for the breach of certain alleged sales of lumber made by the latter to the former. * * * The defendant answered * * * pleas of limitation, and certain other pleas in bar. * * * The plaintiffs' first amended original petition declares upon the same contracts that were sued upon in their original petition, the breach of which in each pleading is the foundation of the action. That the plaintiffs did not place the same construction upon the contracts in each pleading—*having construed them in the first as contracts of agency and in the other as a contract of sale*—did not constitute the filing of the first amended original petition the beginning of a new or different cause of action. * * * The court did not err in refusing to submit as an issue in the case the question of limitation to the jury." (Italics ours.)

In the instant case the first right of recovery was based on the allegations of the sale, and, in the alternative, on a consignment, simply the reverse of the situation in the above case.

In Falls Rubber Co. v. La Fon (Tex. Com. App.) 256 S. W. 577, it was held that, while in an action for balance due on merchandise, the original petition based on a contract referred to the goods as having been "sold," an amended petition based on the same contract, that goods had been "consigned," was not a new cause of action as respects limitation. It was said that there was such an identity of the subject-matter of the litigation in all pleadings as to make it clear that the cause of action asserted in all of them was the same.

In support of our conclusions in this case we cite other authorities, but, to avoid unduly lengthening this opinion, no detailed statement of the facts will be made. They each present the same question of limitation arising as a result of the filing of amended pleadings. The principles announced and employed by the courts in the decisions of these cases are applicable to this one.

In Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455, 461, it is said: "Each pleading declared upon the very same transactions, and the only possible alleged differences, if any there were, relate to the terms and effect of the contract. We think it well settled that such differences do not constitute the amended pleadings a new cause of action. * * * Again, there is another line of authority in Texas which strongly indicates that the statute of limitation cannot enter to outlaw a cause of action where, in the amended pleading, the pleader is evidently pleading the same transaction, and when the new pleading includes parts of the contract as it was originally pleaded."

In Flatow, Riley & Co. v. Roy Campbell Co. (Tex. Com. App.) 280 S. W. 517, 520, it is stated: "And in this case the second amended original petition, as well as the original, evidently declared on the same transaction."

In G., H. & S. A. Ry. Co. v. Brewer, 4 S.W. (2d) 320, 324 (writ refused), the rule is stated thus, with many supporting authorities: "The authorities are numerous and uniform in support of the general rule that an amended petition asserting a cause of action between the same parties and growing out of the same transaction or occurrence as that alleged in the original petition does not set up a new cause of action, notwithstanding the amendment may be established by different proof from that required to sustain the original petition."

Also, in Burton-Lingo Co. v. Beyer, 34 Tex. Civ. App. 276, 78 S. W. 248, 249, it is said: "Both the original petition and the amended petition evidently declared on the same transaction, and differed only as to the terms and effect of the contract."

In Cotter et al. v. Parks et al., 80 Tex. 539, 16 S. W. 307, 308, in disposing of a question like that before us, the court used this language: "The suit as amended was for the same money upon a demand having its origin in the same transaction, but depending upon different evidence for its establishment. The amendment did not set up a new cause of action. * * *"

To the same import is Lauderdale et al. v. Lee (Tex. Com. App.) 276 S. W. 660, 661, wherein it was held: "The running of the statute of limitation against the claim of plaintiffs for the value of the oil was stopped by the filing of plaintiffs' original petition, which sought recovery of the oil itself."

In Mexican Central Ry. Co. v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282 (writ refused), the action was based upon a wreck caused by a defective bridge, as originally pleaded. In

the amended petition it was alleged that the wreck was not caused by any defect in the bridge itself, but in the approach to the bridge. It was held not to be the setting up of a new cause of action.

For other authorities, see Carpenter et al. v. Montcrief et al. (Tex. Com. App.) 280 S. W. 192; Silver Valley Horse Co. v. Evans & Co. (Tex. Civ. App.) 190 S. W. 794; Tonn v. Inner Shoe Tire Co. (Tex. Civ. App.) 260 S. W. 1078; Sweetzer v. Claflin, 82 Tex. 519, 17 S. W. 769; Martin County v. Gillespie County, 30 Tex. Civ. App. 307, 71 S. W. 421 (writ denied); Freeport Town Site v. Hudgins (Tex. Civ. App.) 212 S. W. 287 (writ refused); Schauer v. Von Schauer (Tex. Civ. App.) 138 S. W. 145; Reclamation Co. v. Simmons (Tex. Civ. App.) 293 S. W. 194.

It is not always easy to determine just when a new and independent cause of action is injected into a case as a result of the filing of an amended petition. The expressions and statements on the point are of varying shades and hues, but, from a study of the foregoing authorities and others unnecessary to cite, it is believed that the principle or rule applicable to the instant case is obvious and warrants the conclusion reached. For instance, as applied to the question of limitation when directed against a new and independent cause of action claimed to have been set up in an amended pleading, the law as announced in said authorities is believed to be declared by a recent act of the Legislature, to be found in chapter 115, § 1, General Laws, Regular Session, Forty-Second Legislature, 1931, or Vernon's Annotated Civil Statute, art. 5539b. It is there provided: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence."

Of course this statute is too recent to have any application to the facts of this case [Lone Star Gas Co. v. Harris (Tex. Civ. App.) 45 S. W.(2d) 664, 670; Mellinger v. Mayor of City of Houston, 68 Tex. 37, 3 S. W. 249], but it is evidently a statutory declaration of what has long theretofore been substantially held to be the law. Evidently the plaintiff, from the beginning, has asserted as against the defendant a liability growing out of the same transaction or occurrence, and that is sufficient. The alternative plea did not set up a new cause of action.

The second assignment is sustained.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.